

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable D. C. Greer, Engineer
State Highway Department
Austin, Texas

Dear Sir:

Opinion No. O-242a
Re:  Whether privately owned
automobiles used in
transporting the U. S.
mail must bear license
plates or whether the
same may be equipped
with exempt license
plates.

On February 6, 1939, we wrote an opinion, No. O-242, expressing the view that a privately owned motor vehicle used in the transportation of the United States mail must bear license plates evidencing payment of the license fees levied by our automobile registration statutes. We have been requested to re-examine the question, which we carefully have done.

Our attention has been called to the case of Louvein vs. Moody, 12 S. W. (2d) 989, opinion by the Commission of Appeals, holding that one owning and operating trucks under contract for transportation of the United States mail and using them exclusively for that purpose was entitled to exemption of such vehicles from the State registration fees. But, that opinion was written on January 23, 1929. Almost immediately thereafter, on July 16, 1929, the Legislature amended the registration statutes in such way as to eliminate any doubt of its intention to require privately owned motor vehicles to bear regular license plates, even though used in the service of the State or the United States. From that Act, H. B. 6, Ch. 88, p. 172, General Laws, 41st Leg., 2nd C. S., we quote:

"Owners of motor vehicles, trailers and semi-trailers, which are the property of, and used exclusively in the service of the United States Government, the State of Texas, or any county or city thereof, shall apply annually to register all such vehicles, but shall not be required to pay the registration fees herein prescribed provided that affidavit is made at the time of registration by a person who has the proper authority that such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"vehicles are the property of and used exclusively
in the service of the United States Government, the
State of Texas, or county or city thereof."

On January 2, 1932, an opinion was rendered by the
Attorney General's Department, by T. C. Christopher, Assistant,
holding that such vehicles were not exempt under the amended
statute. Subsequent to that opinion, the section of the statute
containing the quoted provision was twice amended, the first
time, in 1934, by the 43rd Legislature, H. B. 6, Ch. 3, 2nd C. S.,
in which this particular provision was left untouched, and the
second time in 1935, in which the only change was to include
school districts among those entitled to the exemption. Such pro-
vision, found in Article 6675a-3, Vernon's Annotated Civil Statutes,
reads:

"Owners of motor vehicles, trailers and semi-trailers,
which are the property of, and used exclusively in the
service of the United States Government, the State of
Texas, or any County, City or School District thereof,
shall apply annually to register all such vehicles, but
shall not be required to pay the registration fees
herein prescribed, provided that affidavit is made at
the time of registration by a person who has the proper
authority that such vehicles are the property of and
used exclusively in the service of the United States
Government, the State of Texas, or County or City or
School District thereof, as the case may be."

Thus it is clear beyond any question that our statute, if
it is valid, denies the exemption unless the vehicle is owned by as
well as used in the service of the United States. There is nothing
in our State Constitution which is offended by such provision. We
are furthermore convinced that the exemption is not compelled by
Federal considerations. There has been a decided change in the
trend of decisions of the Supreme Court of the United States touch-
ing on this question since the Louwein case was decided. No longer
is the income of State and Federal employees exempt from Federal
and State income taxes. Helvering vs. Gerhardt, 82 L. Ed. 1427,
304 U. S. 405 (1938); Graves vs. New York, 83 L. Ed. 927, 306 N. S.
466 (1939). An occupation tax measured by gross income is not
invalid where imposed by a State upon a contractor with the United
States as laying a direct burden on the Federal government, even
though the imposition of the tax may increase the cost to the
government of the work to be done. James vs. Dravo Contracting

Honorable D. C. Greer, Engineer, Page 3


Co., 302 U. S. 134, 82 L. Ed. 155 (1937). A "gasoline road toll", collected on the amount of gasoline used in the propulsion of motor vehicles over the highways and being charged by the State of New Hampshire for the use of its highways was held collectible against Federal rural mail carriers using their own cars. Tirrell vs. Johnston, 171 Atl. 641, affirmed by the United States Supreme Court, 293 U. S. 533, 79 L. Ed. 641 (1934). The registration fee imposed by our statute is in the nature of a license fee for the privilege of operating an automobile on the public highway of this state. Atkins vs. State Highway Dept. 201 U. S. 226. The statute is not discriminatory against persons holding contracts with or performing services for the Federal Government. As already shown, the fact that the cost to the Federal Government of transporting the mails perhaps may be incidentally increased by the requirement that license fees be paid does not require the exemption of these vehicles from such fees.

The statute being clear and valid we have no alternative but to affirm our previous opinion No. O-242 on the subject.

APPROVED MAR 25, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Glenn R. Lewis
Assistant

GRL:lh

